# UNITED STATES DISTRICT COURT
## Southern District of Texas
## Houston Division

| | | |
|---|---|---|
| RADONNA HARPER | § § | CASE NUMBER: |
| | § | |
| V. | § § | |
| | § | **DEMAND FOR JURY TRIAL** |
| NORTHLAND GROUP, INC | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

#### Preliminary Statement

1. Plaintiff, Radonna Harperl, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, *et seq.* ("TDCA") and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain statutory damages, injunctive relief, declaratory relief, and other relief for the Defendants' violations of the FDCPA, the TDCA and the DTPA.

2. Defendant, Northland Group, Inc., attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiff or Plaintiff's spouse, arising from a purported obligation. The obligation ("Debt") required Plaintiff or Plaintiff's spouse to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. Northland Group, Inc., can be served by serving its registered agent, CT Corporation System at, 350 North St. Paul St., Dallas, Texas 75201.

## JURISDICTION AND VENUE

3. This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* to secure permanent injunctive relief and other equitable relief, including rescission, restitution, and disgorgement, against defendant for engaging in unfair or deceptive acts or practices in violation of the FDCPA, 15 U.S.C. § 1692.

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, 1337(a), and 1367.

5. Venue is proper in the United States District Court because the acts and transactions occurred here and the Defendant transact business here.

## DEFINITIONS

6. As used in reference to the FDCPA, the terms "creditor," "debt," and "debt collector" are defined in § 803 of the FDCPA, 15 U.S.C. § 1692a and 15 U.S.C. § 1692j(a) and (b).

## THE PARTIES

7. The FDCPA, 15 U.S.C. § 1692 which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

8. Defendant, Northland Group, Inc., is a collection agency that is in the business of collecting consumer debt. Northland Group, Inc. engaged in the business of collecting consumer debts in the Southern District of Texas. The principal purpose of Northland Group, Inc's business is the collection of consumer debts using the mail, telephone, and regularly attempts to collect consumer debts for others. Northland Group, Inc. is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code §

392.001(6). Northland Group, Inc., is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

9. Plaintiff, Radonna Harper is an individual who resides in Fort Bend County, Texas and is a consumer as defined by the FDCPA.

## FACTUAL ALLEGATIONS

10. Plaintiff and Plaintiff's spouse, Milton W. Harper, incurred a debt with Capital One Bank, (USA) NA. This debt was turned over to the Defendant, Northland Group, Inc., to initiate collection action.

11. Starting on or about March 9th, 2009 Defendant or employees of the Defendant contacted the Plaintiffs in an attempt to collect the purported debt. During this initial telephone call and on subsequent telephone calls to Plaintiff, Defendant used profanity and abusive language toward the Plaintiff.

12. Defendant failed to provide the "mini-miranda" warnings on all of the communications with Plaintiff.

13. The foregoing acts and omissions of the Defendant were undertaken by each of them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

14. The foregoing acts and omissions of the Defendant were undertaken by each of them indiscriminately and persistently, as part of their regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiffs.

15. All of Defendant's actions occurred within one year of the date of this Complaint. Moreover, the actions made by Defendant in their collection attempts are to be interpreted under the "unsophisticated consumer" standard. (See, <u>Bartlett v. Heibl</u>,

128 F3d. 497, 500 (7th Cir. 1997); Chauncey v. JDR, 118 F.3d 516, 519 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); and Gammon v. GC Services, LTD. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation of § 1692e(11) of the FDCPA – Failing to Provide the "Mini-Miranda Warning"

16. Plaintiffs adopts and realleges and incorporates by reference the foregoing paragraph.

17. Section 1692e(11) of the FDCPA requires the debt collector inform the debtor of his or her rights, failing to provide such notice is a false, deceptive, or misleading representation or means in connection with the collection of a debt.

18. Defendant failed to provide the "Mini-Miranda Warning" to the Plaintiffs, which thus violates § 1692e(11) of the FDCPA.

19. Defendant's violations of § 1692e(11) of the FDCPA renders them liable for damages, costs, and reasonable attorneys' fees. (See, 15 U.S.C. § 1692k).

## COUNT II
### Violation Of § 1692d Of The FDCPA – Repeated Telephone Calls

20. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraph.

21. Section 1692d(5) of the FDCPA prohibits a debt collector from causing the telephone to ring or engage any person in telephone conversations repeatedly.

22. Defendant's repeated and multiple telephone calls in the same day is an unlawful action, which thus violates § 1692d of the FDCPA.

23. Defendant's violations of § 1692d of the FDCPA renders them liable for damages, costs, and reasonable attorneys' fees. (See, 15 U.S.C. § 1692k).

### COUNT III
### Violation of § 1692d of the FDCPA –
### Engaging in Conduct that is Harassing, Oppressive, and Abusive

24. Plaintiff adopts and realleges and incorporates by reference the foregoing paragraph.

25. Section 1692d of the FDCPA prohibits a debt collector from using any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. More specifically, Section 1692d(2) prohibits the use of profane language or other abusive language.

26. Defendant used abusive language toward the Plaintiff on several occasions.

27. Defendant's violations of § 1692d of the FDCPA renders them liable for damages, costs, and reasonable attorneys' fees. (See, 15 U.S.C. § 1692k).

### COUNT IV
### Violations of the Texas Debt Collection Act
### Specifically, Violation of Tex. Fin. Code § 392.302

28. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

29. Defendant violated the TDCA, specifically, Tex. Fin. Code Ann. § 392.302(4), by causing Plaintiff's telephone to ring repeatedly or continuously and making repeated or continuous telephone calls, with the intent to harass the Plaintiff.

30. Under Tex. Fin. Code Ann. § 392.403, the Defendant's violations of the TDCA render it liable to Plaintiff for statutory damages, actual damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

## COUNT V
## Violations of the Texas Deceptive Trades Practices Act

31. The Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs. Pursuant to Tex.Fin.Code Ann. § 392.404, the Defendant's violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), and is actionable under that subchapter.

32. Under Tex. Bus. & Com. Code Ann. § 17.50(b)(2), the Defendant's violations of the DTPA render them liable to Plaintiff for injunctive relief, and reasonable attorney's fees.

## PRAYER FOR RELIEF

Plaintiff, Radonna Harper, prays that this Court:

1. Declare that Defendant's debt collections practices violated the FDCPA and TDCA;
2. Enjoin the Defendant's actions which violate the TDCA and the DTPA;
3. Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, punitive damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403;
4. Grant such further relief as deemed just.

Respectfully submitted,

The Heston Law Firm, PC

/s/ Daniel J. Ciment
_____

James B. Heston
Texas Bar No. 00787689
Daniel J. Ciment
Texas Bar No. 24042581
800 W. Sam Houston Parkway N.
Building 12, 3rd Floor
Houston, TX 77024
713-270-4833 – phone
713-270-6773 – fax
ATTORNEY'S FOR PLAINTIFF